FILED
APR 15 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

**Unanimous Written Consent of Board of Directors in Lieu of Special Meeting of Kodiak Roustabout, Inc.**

In accordance with section 21.415 of the Texas Business Organizations Code (the "BOC") and the provisions of the applicable By-Laws, the undersigned, as the Directors of Kodiak Roustabout, Inc., a Texas corporation (the "Corporation"), hereby take the following actions and adopt the following resolutions to have the same force and effect as if adopted at a specially called meeting of the Board of Directors of the Corporation:

WHEREAS, the Corporation has been engaged in discussions with the United States Department of Justice ("Government") to resolve allegations in the Superseding Indictment in the case styled *United States v. Aghorn Operating, Inc., Kodiak Roustabout, Inc., and Trent Day*, Case No. 22-CR-49, in the U.S. District Court for the Western District of Texas (the "Referenced Case");

WHEREAS, in order to resolve such discussions, it is proposed that the Corporation enter into a Plea Agreement (the "Agreement") with the Government and the Corporation acknowledges and admits the Factual Basis for Plea set forth in the Agreement; and

WHEREAS, the Corporation's counsel has advised the Directors of the Corporation of its rights, possible defenses, the possible sentencing parameters, and the consequences of entering into such Agreement with the Government;

THEREFORE, the Directors hereby RESOLVE that:

1. The Corporation (a) acknowledges Count Nine of the Superseding Indictment charging the Corporation with making a materially false statement regarding well integrity testing in violation of 18 U.S.C. §1001; (b) enters into the Agreement with the Government; (c) agrees to a total fine of $400,000.00 (the "Fine"), a $400.00 monetary assessment, and a one-year term of probation under the terms of the Agreement; and (d) admits the Court's jurisdiction over the Corporation and the subject matter of such action and consents to a judgment therein in accordance with the terms of the Agreement.

2. The Corporation accepts the terms and conditions of the Agreement, a true and correct copy of which is attached hereto as Exhibit "A," including but not limited to the Corporation's Waiver of Statutory and Constitutional Rights as set forth therein.

3. The Corporation acknowledges and admits the Factual Basis for Plea set forth in the Agreement and acknowledges that the Fine may be recovered from the Corporation pursuant to the terms of the Agreement.

4. Frosty Gilliam, Jr., in his capacity as President of the Corporation, is hereby authorized, empowered and directed, on behalf of the Corporation, to execute the Agreement in the form attached hereto as Exhibit "A."

5.  Frosty Gilliam, Jr., in his capacity as President of the Corporation, is further authorized, empowered and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms, or provisions of any agreement or other documents as may be necessary or appropriate to carry out and effectuate the purpose and intent of the foregoing resolutions.

6.  The Corporation further authorizes its attorney, Darrell W. Corzine, to appear in Court for the plea and sentence and to enter the plea on behalf of the Corporation.

7.  All of the actions of the Corporation's authorized signatory, Frosty Gilliam, Jr., which actions would have been authorized by the foregoing resolutions, except that such actions were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as actions on behalf of the Corporation.

8.  The actions taken by this Consent shall have the same force and effect as if taken at a special meeting of the Board of Directors of the Corporation, duly called and all corporate formalities for the authorizations set forth herein have been observed.

9.  This Consent may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall be deemed one and the same document. This Consent may be executed by facsimile and/or electronic signature.

10. The secretary of the Corporation hereby is directed to file this Consent in the minute book of the Company.

The undersigned constitute the entire board of directors of Kodiak Roustabout, Inc. entitled to vote on the action.

IN WITNESS WHEREOF, this Consent has been signed to be effective as of the 9th day of April, 2025.

**DIRECTORS:**

*[signature]*
FROSTY GILLIAM, JR.

*[signature]* Rhonda Gilliam
RHONDA GILLIAM

*[signature]*
TRENT DAY

EXHIBIT "A" TO UNANIMOUS WRITTEN CONSENT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(3) KODIAK ROUSTABOUT, INC. | NO. 7:22-CR-00049-DC |

**PLEA AGREEMENT**
**[RULE 11(c)(1)]**

The Acting Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice ("Government") and Defendant Kodiak Roustabout, Inc. ("Defendant") enter into the following plea agreement in this cause, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

**1. Agreement to Plead Guilty:**

Defendant agrees to plead guilty to Count Nine of the Superseding Indictment, which charges Defendant with 18 U.S.C. § 1001—making a materially false statement regarding well integrity testing within the jurisdiction of an executive branch agency, specifically, the Texas Railroad Commission's (RRC's) administration of an Environmental Protection Agency (EPA) supervised Safe Drinking Water Act program, to include the submission or causing the submission of false pressure recording charts containing false statements and representations regarding pressure tests to the RRC.

If the Court accepts this 11(c)(1)(C) agreement and imposes the sentence contemplated, the Government agrees to move to dismiss the remaining charges against Defendant after the sentencing hearing and will not seek additional charges against Defendant for conduct of which

the Government is aware on the date this agreement is executed.

**2. Penalty:**

The offense to which Defendant is pleading guilty carries the following penalties:

Count Nine in Superseding Indictment:
18 U.S.C. § 1001 (Making a Materially False Statement)

| Maximum Prison Term | None (Corporation) |
|---|---|
| Mandatory Minimum Prison Term | None |
| Maximum Term of Supervised Release | None |
| Mandatory Min. Term Sup. Release | None |
| Maximum Fine | $500,000, per 18 U.S.C. § 3571(c)(5) |
| Monetary Assessment | $400 |
| Amount of Restitution | None, based on parties understanding |
| Forfeiture | None |

**3. Factual Basis for Plea:**

The parties agree that—at all times relevant to the charges addressed in this plea agreement—the information in the following paragraphs ((a) through (f)) was true. The parties also agree that the acts and knowledge attributed to Defendant in those paragraphs were carried out by and known by Defendant's agents and assigns, acting within the scope of their agency and/or employment.

(a)     Defendant was run by managers with extensive oilfield experience. Defendant's managers knew that there were federal and state laws and regulations, which (1) addressed leaks from oil wells and injection wells into geologic layers and (2) set out methods for determining the mechanical integrity of such wells.

(b)     Defendant had one client, Aghorn Operating, Inc. (Aghorn). Part of the work it did for Aghorn was to perform mechanical integrity tests (MIT) on oil wells and produced water injection wells. These MITs were required periodically by Texas regulations as part of the state's federally approved Safe Drinking Water Act program.

2

(c)     To comply with the Safe Drinking Water Act, Texas must ensure that injection wells are tested for pressure integrity. The United States retains jurisdiction over knowing false responses submitted under that program. The RRC required well operators to do periodic testing of the mechanical integrity of wells.

(d)     For the test, the space between a well's steel-and-concrete casing and the interior extraction/injection tubing was filled with fluid. The fluid was then brought up to a specific high pressure, allowed to stabilize, and then observed for a set period. Significant (greater than ten percent) drops in pressure after the stabilization period would mean that a well failed. It would have to be reworked before it could be legally used.

(e)     As required by regulations, Defendant recorded integrity testing using circular charts that track pressure levels against time. Pressure recording charts were attached to completed RRC Form H-5s and submitted to the RRC. The charts were marked with Defendant's name (Kodiak Roustabout, Inc.), the company for which the test was completed (Aghorn Operating), and the well on which the MIT was performed. The charts were signed by a company executive, identified as "CO. MAN." Defendant, which performed oilfield support and maintenance services for Aghorn, was tasked to conduct the pressure tests by that executive, and Defendant knew Aghorn would submit the pressure recording charts it provided to Aghorn to the RRC, as attachments to its Form H-5s. Defendant, through its managers and employees, knew submitting a Form H-5 with false information violated the requirements of approved MIT testing methods under Texas's federally approved program.

(f)     According to witnesses, Defendant's managers oversaw the company's MIT program. To avoid the consequences of sending a failed MIT pressure recording chart to the RRC, on at least one occasion between July 2017 and October 2019, Defendant willfully

provided Aghorn with a chart that was not produced by an MIT on the well indicated on the chart, and Defendant knew a chart with such false information was submitted to the RRC.

**4. Defendant's Waiver of Statutory and Constitutional Rights:**

Defendant understands and acknowledges that by pleading guilty, Defendant is waiving the following constitutional and statutory rights:[1]

(1)   The right to plead not guilty and persist in that plea.

(2)   The right to a speedy and public jury trial.

(3)   The right to assistance of counsel at that trial and in any subsequent appeal of that trial.

(4)   The right to remain silent at trial.

(5)   The right to testify at trial.

(6)   The right to confront and cross-examine government witnesses.

(7)   The right to present evidence and witnesses on his or her own behalf.

(8)   The right to compulsory process of the court.

(9)   The right to be presumed innocent.

(10)  The right to a unanimous guilty verdict.

(11)  The right to appeal a guilty verdict.

In addition to giving up the rights described above, Defendant agrees to give up and waive the following:

Additional Pretrial Motions: Defendant understands that Defendant could raise issues and challenges by additional pretrial motion, including motions to suppress evidence and to dismiss the charges. By entering into this agreement and pleading guilty, Defendant agrees to give up all claims Defendant has made or might have made by pretrial motion and to the dismissal of any

---

[1] Where applicable to a corporate defendant.

4

pending motions.

Additional Discovery: Defendant agrees to waive any claims Defendant may have now or may acquire later to any information possessed by the prosecution team that might be subject to disclosure under discovery rules, including, but not limited to, the Federal Rules of Criminal Procedure; the Jencks Act; local court rules; and court orders. Defendant waives any continuing discovery request and any additional discovery. Defendant also waives all rights to request from any federal department or agency any records relating to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act (5 U.S.C. § 552) or the Privacy Act (5 U.S.C. § 552a).

Legal Fees and Expenses: Defendant stipulates that Defendant is not entitled to and shall not seek from the United States any attorney fees or other litigation expenses Defendant has incurred or will incur in connection with this prosecution.

## 5. Defendant's Waiver of Right to Appeal or Challenge Sentence:

In exchange for the concessions made by the Government in this agreement, Defendant voluntarily and knowingly waives the right to appeal the conviction or sentence on any ground, including any challenge to the constitutionality of the statute of conviction; any claim that Defendant's conduct fell outside the scope of the statute of conviction; any challenges to the determination of any period of confinement, monetary penalty or obligation, restitution order or amount, term of supervision and conditions; and any other claim based on rights conferred by 18 U.S.C. § 3742 or 28 U.S.C. § 1291.

This plea agreement is presented to the Court under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under that rule, if the Court accepts the plea agreement, the sentence the parties have agreed to is binding on the Court. Id. Subject to this proviso, Defendant also voluntarily and knowingly waives any right to contest the conviction or sentence (or the way the

sentence was determined) in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or any other provision of law. Consistent with principles of professional responsibility imposed on Defendant's counsel and counsel for the Government, nothing in this agreement precludes Defendant from raising a claim of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension in an appropriate forum.

### 6. Advice of Counsel:

Defendant acknowledges reviewing with Defendant's counsel the merits of the charges and possible defenses that Defendant may have; the advantages and disadvantages of pleading guilty; the terms and meaning of the plea agreement; and the consequences of pleading guilty. Defendant has discussed with Defendant's attorney the punishments and consequences of pleading guilty, understands that not all the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

### 7. Sentencing Agreement Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

Under Rule 11(c)(1)(C), Defendant and the Government agree that the following specific sentence would be binding of the Court if the Court accepts this plea agreement:

- Defendant will plead guilty to Count Nine of the Superseding Indictment, which charges Defendant with 18 U.S.C. § 1001 (Making materially false statements in a matter within the jurisdiction of an executive branch agency, specifically falsifying well test information required under a federally approved Safe Drinking Water Act program).

- Defendant will pay a fine of $400,000.

- Defendant will pay a monetary assessment in the amount of $400.

- Defendant will be placed on probation for a period of one year, the terms of probation to include those standard conditions chosen by the Court and, in addition, Defendant shall:

    o Submit a report to the Office of Probation listing all wells subject to annual mechanical integrity testing during the prior year and indicating

    whether that test was witnessed or not.

- Ensure that at least thirty-three of the mechanical integrity tests conducted during the year of probation are either conducted or witnessed by an independent third party, which approximately triples the number of witnessed tests over last year.

- Report the results of that testing to the Office of Probation at the end of probation.

## 8. Corporate Authorization:

Defendant represents that it is authorized to enter into this plea agreement. Defendant has authorized its attorneys to sign the required papers and appear in court for the plea and sentence. At the time of signing, Defendant shall provide to the Government a written corporate resolution, to be filed with the U.S. District Court for the Western District of Texas, certifying that Defendant is authorized to enter into and to comply with this plea agreement. The resolution shall further certify that Defendant authorized these actions and that all corporate formalities for such authorizations have been observed. The resolution shall be filed on the docket prior to Defendant's entry of plea.

## 9. Breach of Agreement:

Prior to sentencing, if Defendant violates any term of this plea agreement, the Government will be released from its obligations under this plea agreement and may, in its sole discretion:

(1) move to set aside Defendant's guilty plea and proceed on charges previously filed and any additional charges not time barred;

(2) at sentencing or in any prosecution, use against Defendant any statements or information Defendant provided as part of the guilty plea;

(3) advocate for any sentence up to and including the statutory maximum; and/or

(4) decline to seek a reduced sentence.

Defendant understands and agrees that Defendant's breach of this plea agreement will not

entitle Defendant to withdraw a guilty plea already entered. However, if Defendant withdraws from this agreement, Defendant agrees and understands that the factual basis set out in this plea agreement (1) may be used against Defendant in the Government's direct case and (2) sets forth facts that are true, accurate, admissible at any trial or hearing, and not subject to challenge under Federal Rule of Evidence 410(a) or Federal Rule of Criminal Procedure 11(f).

**10. Totality of Agreement:**

Defendant understands that this Agreement binds only the office prosecuting this case, which is the Environment and Natural Resources Division of the United States Department of Justice. When this Agreement uses the term Government, it refers only to the Environment and Natural Resources Division of the United States Department of Justice. This plea agreement sets forth the entire agreement between the Environment and Natural Resources Division of the United States Department of Justice, Defendant, and Defendant's counsel. This agreement cannot be modified except in a written document signed by all parties. If an addendum to this agreement has been properly executed, it is incorporated herein by reference.

ADAM R.F. GUSTAFSON
ACTING ASSISTANT ATTORNEY GENERAL
ENVIRONMENT and NATURAL RESOURCES DIVISION

DATE: April 8 , 20 25    By: _____/s/ Thomas T. Ballantine_____    2025.04.08 19:36:05 -04'00'
THOMAS T. BALLANTINE
Assistant Section Chief
California Bar. 208193
Environmental Crimes Section
Environment & Natural Resources Division
4 Constitution Square
150 M Street, NE, Suite 4.204
Washington, DC 20044

8

                        CHRISTOPHER J. COSTANTINI
                        Senior Trial Attorney
                        Pennsylvania Bar No. 64146
                        Environmental Crimes Section
                        Environment & Natural Resources Division
                        4 Constitution Square
                        150 M Street, NE, Suite 4.212
                        Washington, DC 20044

                        MARK T. ROMLEY
                        Trial Attorney
                        California Bar No. 240655
                        Environmental Crimes Section
                        Environment & Natural Resources Division
                        999 18th Street, Suite 370, South Terrace
                        Denver, CO 80202

We are counsel for Defendant, KODIAK ROUSTABOUT, INC., in this case. We have fully explained to Defendant all of Defendant's rights with respect to the pending criminal charges. We have carefully reviewed this plea agreement in its entirety with Defendant and provided Defendant with our best professional advice. In our opinion, Defendant's decision to enter into this plea agreement is made freely, voluntarily, and with full knowledge of its obligations and consequences.

DATE:_____, 20____                _____

                                                        DARRELL CORZINE

                                                        KELLY MORGAN
                                                        CORZINE &
                                                        HANSEN, PC
                                                        P.O. Box 1311
                                                        Odessa, TX 79760
                                                        (432) 367-7271
                                                        Fax: 432/363-9121
                                                        Email: dcorzine@kmdfirm.com


                                                        Attorney for Defendant


I, _____, have carefully read and reviewed the entirety of this plea agreement, or it has been read to me and reviewed with me by Defendant's attorneys. After careful consideration and discussion with Defendant's attorneys and fully understanding Defendant's rights with respect to the pending criminal charges, as an authorized representative

of Defendant, I freely and voluntarily agree to the specific terms and conditions of the plea agreement.

DATE:_____, 20____

_____
NAME


_____
TITLE
Authorized Representative of Defendant